### BLACKLEDGE *v.* SPIKES.

[83 South. 729, In Banc. No. 20963.]

EQUITY. *Chancellor's action in appointing master to state relatively simple account will not be reversed.*

In a suit to have a deed absolute on its face declared a mortgage and cancelled though the accounts presented do not appear to be complicated or difficult of accurate ascertainment, the chancellor's action after holding with the complainant, in appointing a master to make and state on account will not be reversed.

APPEAL from the chancery court of Harrison county. HON. W. M. DENNY, JR., Chancellor.

Suit by Mrs. A. L. Spikes against W. L. Blackledge. From a decree for complainant, defendant appeals and complainant cross appeals.

The facts are fully stated in the opinion of the court.

*T. M. Evans,* for appellant.

*Mize & Mize,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee, Mrs, Spikes, filed a bill in the chancery court to have a deed executed by her to the appellant declared a mortgage and canceled. She alleges that the deed was given to the appellant as security in consideration of the appellant's making a bond for the son of the appellee, who had been convicted of a crime and sentenced to pay a fine of two hundred and fifty dollars and to serve a term of imprisonment, from which judgment he appealed with *supersedeas* to the supreme court (*Spikes* v. *State,* 98 Miss. 483, 54 So. 1-, and that the cause was reversed and remanded, and thereafter

the cause ·in the circuit court was *nol prossed,* no liability accrued to appellant by reason of said bond. That it was understood between the parties that the deed, though an absolute conveyance in form, was in reality a mortgage to secure the appellant from liability on said bond, and by reason of the subsequent course of events the said deed became null and void, but that the appellee, the complainant below, had recently discovered that the appellant was asserting some claim of title thereto. The deed was signed by Mrs. Spikes and her husband, and it is alleged that since signing, the husband had died and the appellee became the sole owner of said property. The defendant filed an answer in which he denied the allegations of the bill and set up that he had bought the land embraced in the deed, and that he had paid the consideration therefor, and denied that the deed was taken as security as alleged in the bill. There was evidence for the complainant which tended to prove that the deed was taken as security for certain moneys advanced and to be advanced to Mrs. Spikes on account of the litigation in the prosecution of her son's appeal to the supreme court. It appears that a separate instrument was executed, known as a bill of sale conveying certain personal property to Blackledge, as security for making the bond of appellee's son. It appears that the bond actually made by the appellee's son and signed by the appellant was a bail bond, and not an appeal bond, and that the appeal was prosecuted by making an affidavit of proverty. It appeared from the testimony of appellant that he had advanced various sums of money for the appellee, and that some of this money was paid to an attorney, and some of it was paid to witnesses summoned on behalf of appellee's son in the criminal prosecution.

The chancellor on the hearing held the deed to be a mortgage, and ordered same canceled, but he appointed a master in chancery to make and state an

account of the moneys advanced by the appellant, to be reported back to the court for final action, and granted an appeal to settle the principles of the case.

Some of the testimony introduced by the complainant was admissions by the appellant tending to show that the land belonged to the appellee, and that he had no claim against it, and other admissions by which he claimed to third persons that the land was held as security for certain money. It is unnecessary to go into the details of the evidence. The chancellor had abundant evidence to warrant him in believing that the deed was executed as a mere security for the money advanced and to be advanced by the appellant. The chancellor's action in appointing a master to state an account is challenged on cross-appeal. While the accounts presented to do not appear to be complicated or difficult of acurate ascertainment, still we see no reason to reverse his action and cross appeal will be affirmed, and the cause remanded to be proceeded with in the court below.

*Affirmed and remanded.*